GARRETT, Judge.
Appellant seeks review of the Department of Health and Rehabilitative Services (HRS) order denying his request to expunge a confirmed report of a sexual abuse.[1]
The report stated that appellant masturbated while in the presence of a sleeping child. Appellant requested that his case record be expunged as provided by section 415.504(4)(d)2., Florida Statutes (Supp. 1988). The HRS hearing officer recommended that the report be expunged. However, the final order of the Secretary of HRS (Secretary) denied appellant’s request concluding that:
Section 415.503(8)(b), Florida Statutes, prohibits the intentional masturbation of the perpetrator’s genital in the 'presence of a child. (Emphasis added) or the intentional exposure of the perpetrator’s genitals in the presence of a child or any other sexual act intentionally perpetrated in the presence of a child, if such exposure or sexual act is for the purpose of sexual arousal or gratification, aggression, degradation, or other similar purpose.
We note that section 415.503(8)(b) did not exist when appellant committed the reported act in 1983 or early 1984. We assume the order meant section 415.503(14)(e), Florida Statutes (Supp. 1984), but that statute did not become effective until July 1, 1984. Other sections of 415.503 were in effect at the time of the reported act, but none of those sections included masturbation as the type of conduct which constituted “harm to a child’s health and welfare” or “sexual abuse of a child.” Before enactment of section 415.503(14)(e), only “harm to a child’s health and welfare” was defined. The only sexual conduct included in that definition was sexual battery as defined in Chapter 794 and exploitation of a child as provided in section 450.151 or for prostitution. § 415.503(5)(b) and (c), Fla.Stat. (1983). The phrase “sexual abuse of a child” was first defined in section 415.-503(14)(e) and the definition includes “intentional masturbation of the perpetrator’s genitals in the presence of a child.”
We need not address the issue decided by the hearing officer and the Secretary: Does an act of sexual abuse occur in the presence of a child if the child is sleeping during the masturbation of the perpetrator’s genitals?
One commits child abuse by doing an act prohibited by Chapter 415. At the time of the reported act the chapter did not define a perpetrator’s masturbation as “harm to a child’s welfare” or “sexual abuse of a child.” Therefore, appellant’s confirmed act did not violate any of the then existing child abuse statutes.
Accordingly, we reverse and remand with directions to expunge appellant’s case record and all identifying information in the central abuse registry and tracking system or other computer systems or records pertaining to the report. § 415.504(4)(d)2., Fla.Stat. (Supp.1988).
REVERSED AND REMANDED WITH DIRECTIONS.
DOWNEY and STONE, JJ., concur.

. We chose to treat appellant's letter to this court as the Initial Brief. Appellee did not file an Answer Brief.